**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
**File Name: 11a0262n.06**

**No. 09-5382**

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | **Apr 25, 2011** |
| | ) | LEONARD GREEN, Clerk |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STEVEN E. SHIPE, | ) | EASTERN DISTRICT OF TENNESSEE |
| | ) | |
| Defendant-Appellant. | ) | |

Before: GUY, COOK, and STRANCH, Circuit Judges.

COOK, Circuit Judge.  On February 14, 2008, two officers tapped on Steven Shipe's car window as he attempted to sell cocaine to Amanda Gregg.  In a bag between Shipe's legs, the officers found two bags of cocaine and some cash.  On the car's center console, the officers found a digital scale and a residue-covered spoon.  And under a removable cupholder on this console, they found an unloaded .40-caliber semiautomatic pistol next to a fully loaded magazine.

A federal grand jury indicted Shipe for possessing cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), (b)(1)(C), and carrying a firearm in relation to a drug-trafficking offense, 18 U.S.C. § 924(c).  Shipe pleaded guilty to the trafficking charge but proceeded to trial on the weapons charge.

The trial focused on whether Shipe carried his pistol "in relation to" the drug sale, as § 924(c) requires.  The government argued that the pistol provided Shipe with sale-related security, whereas

Shipe contended that its presence in his vehicle was mere coincidence. He claimed that he placed the pistol and some other high-end items in his car about a week earlier, hoping to pawn them, and that he hid the pistol in the console to avoid theft. By the time of the drug deal, he asserted, he had forgotten that it even was there.

Shipe unsuccessfully moved for acquittal based on insufficient evidence at the close of the government's case, but failed to renew that motion at the close of all the evidence. The jury convicted Shipe, and the court sentenced him to 66 months' imprisonment.

I.

Shipe challenges the district court's denial of his motion for acquittal, contending that the government failed to prove that he carried his pistol "in relation to" his trafficking. *See* 18 U.S.C. § 924(c)(1)(A). Because Shipe neglected to renew his motion at the close of all the evidence, we limit our review "to determining whether there was a manifest miscarriage of justice," which "occurs only if the record is devoid of evidence pointing to guilt." *United States v. Childs*, 539 F.3d 552, 558 (6th Cir. 2008) (internal quotation marks and citation omitted). No such void exists here.

To prove § 924(c)'s "in relation to" requirement, the government must show that the presence of Shipe's pistol in his vehicle was more than "the result of accident or coincidence." *Smith v. United States*, 508 U.S. 223, 238 (1993). Shipe must have "intended to have the [pistol] available for use during . . . the [drug] transaction," or the pistol must have "facilitated the crime by emboldening [him]." *United States v. Warwick*, 167 F.3d 965, 971 (6th Cir. 1999).

- 2 -

Citing a number of cases reiterating these requirements, Shipe contends that the jury convicted him based on the "mere presence" of the pistol in his vehicle. The government, he claims, failed to provide evidence that the pistol—there only to be pawned—facilitated his trafficking in any way.

But the record contains evidence that Shipe's pistol provided security, "facilitat[ing] [his] crime by emboldening [him]." *See id.* One of the arresting officers testified that most drug dealers carry firearms for protection, and that the pistol's location and orientation under the console's cupholder made it readily accessible to the driver. And Gregg, his would-be cocaine purchaser, testified that, when she entered Shipe's car, the pistol had an even more predominant presence: she saw it in the top compartment of the console next to Shipe's scale, spoon, and drugs. Shipe's easy access to the pistol during the drug deal, along with its placement near or among his drug paraphernalia, constitute evidence that he carried it for peace of mind, and thus "in relation to . . . [his] crime." 18 U.S.C. § 924(c)(1)(A).

Resisting this conclusion, Shipe highlights inconsistencies in the testimony of the government's witnesses and insists that he intended to pawn the pistol. But these are matters of credibility beyond the scope of our limited review. Because we find that the record is not "devoid of evidence pointing to guilt," we look no further. *Childs*, 539 F.3d at 558.

II.

For these reasons, we affirm.